# IN THE COURT OF APPEALS OF IOWA

No. 16-0961
Filed January 25, 2017

**POLARIS INDUSTRIES, INC.,**
    Plaintiff-Appellant,

**vs.**

**DEANNA DOTY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Donna L. Paulsen, Judge.

An employer appeals a judicial review order affirming a decision of the Iowa Workers' Compensation Commissioner awarding temporary total disability benefits, medical expenses, and penalty benefits. **AFFIRMED.**

David B. Scieszinski of Bradshaw Law Firm, Des Moines, for appellant.

Pamela Greenman Dahl of Harry W. Dahl, P.C., Des Moines, and Ernest W. Wilcke, Spirit Lake, for appellee.

Considered by Tabor, P.J., and Mullins and McDonald, JJ.

**TABOR, Presiding Judge.**

Deanna Doty suffered a right shoulder injury while working at Polaris Industries, Inc., in October 2012. The Iowa Workers' Compensation Commissioner awarded her temporary total disability benefits, medical expenses, and penalty benefits. Polaris unsuccessfully challenged those awards in the district court and now appeals the judicial review ruling. Because substantial evidence in the record supports the commissioner's decision, we affirm.

## I.      Facts and Prior Proceedings

Two years after she started working at Polaris, Doty injured her right shoulder while assembling all-terrain vehicles. Age forty-nine and five feet tall, Doty was installing a clutch on October 12, 2012, when she felt something in her shoulder "pop." She reported the injury to the lead worker that day and again the following day when the pain worsened. The employer directed her to physical therapy, which increased her pain. The plant nurse eventually referred Doty to Dr. Jason Hough, an orthopedic surgeon.

Dr. Hough examined Doty in February 2013 and assessed her condition as "right shoulder impingement syndrome, possible rotator cuff tear." He set out the following plan: "At this time with the patient having ongoing symptoms for greater than four months and failure of conservative therapy, we will order an MRI of the patient's right shoulder." Dr. Hough also placed lifting restrictions on Doty and ordered a follow-up appointment. The MRI revealed a partial thickness rotator cuff tear, prompting Dr. Hough to recommend arthroscopic surgery in March 2013. But Sedgwick Claims Management Services, Inc., the third-party workers' compensation administer for Polaris employees, did not approve the

surgery and instead scheduled a second opinion with another orthopedic surgeon.

That second opinion was provided by Dr. Jerry J. Blow, who maintains a physical medicine and rehabilitation practice in Sioux Falls, South Dakota. Dr. Blow believed Doty's MRI findings were consistent with her age and not related to her work injury. He could not "relate the need for surgery to her work activities." His physical examination showed a marked difference in the range of motion between her right and left shoulders. Nevertheless, Dr. Blow opined that Doty had reached maximum medical improvement (MMI) as of June 27, 2013— the day before his examination. Dr. Blow did not believe Doty required any additional treatment or work restrictions.

Dr. Hough disagreed with Dr. Blow's assessment. Dr. Hough reexamined Doty in August 2013 and again recommended shoulder surgery. He released her to desk duty. When she returned to his office in September 2013 with no improvement in her symptoms, Dr. Hough administered a steroid injection and released her with work restrictions. Doty returned to her job on September 23, 2013, for one week before Polaris closed down that particular assembly line and transferred her to the paint department. Doty testified she cannot raise her right arm so cannot reach products stored on higher shelves and has to ask for help from coworkers in her new position. She testified her shoulder "hurts all the time"—compelling her to take Aleve every day and hydrocodone every night.

Doty underwent an independent medical examination in March 2014 with Dr. Marc Hines, who agreed with Dr. Hough and disagreed with Dr. Blow regarding the permanency of the work-related shoulder injury. Dr. Hines

suggested proceeding with "the needed arthroscopic surgery and recovery time" so Doty could continue working.

The deputy commissioner heard Doty's claim for benefits in July 2014 and issued an arbitration decision on October 2, 2014. The arbitration decision found Dr. Blow's opinion was "a strain to accept" given Doty's pain-free condition when hired and unabated shoulder discomfort after the October 12, 2012 injury. The deputy credited the views of Dr. Hough and Dr. Hines, finding they were buttressed by Doty's physical condition, her consistent testimony, and the notes of the company's occupational therapist. The deputy concluded Doty was entitled to temporary total disability (TTD) benefits from May 9, 2013,[1] when Dr. Hough excused her from work, until September 20, 2013, when she was cleared to return to her job on the assembly line. The deputy also awarded medical expenses in the amount of $377 under Iowa Code section 85.27 (2013).

In addition, the deputy ordered Polaris to pay penalty benefits under section 86.13(4) in the amount of 25% for the wrongful denial of TTD benefits for that same time period. The deputy did not believe Dr. Blow's opinion provided Polaris a reasonable basis for denying Doty's claim.

Polaris appealed to the commissioner, who affirmed the deputy. The commissioner agreed the opinions of Dr. Hough and Dr. Hines "deserved greater weight" than the opinion of Dr. Blow. The commissioner reiterated that Dr. Blow did not explain why he set Doty's MMI date in June 2013 "when the therapist's

---

[1] The deputy did not award benefits for April 10 through May 8, 2013, because Doty refused to perform light work offered by Polaris that was within her medical restrictions during that period of time.

examinations recorded reduced range of motion, pain and impingement syndrome and were the same as his own."

On the issue of penalty benefits, the commissioner reached the same conclusion as the deputy but for a different reason. The commissioner found Polaris satisfied its burden under section 86.13(4)(c)(1) by requesting Dr. Blow's evaluation. But the commissioner determined the record lacked evidence Polaris conveyed to Doty or her counsel that Dr. Blow's report formed its basis for refusing to pay the TTD benefits. *See* Iowa Code § 86.13(4)(c)(3) (requiring employer to "contemporaneously convey[] the basis for the denial" to the employee).

Polaris sought judicial review and the district court affirmed the commissioner's conclusions and adopted his rationale. Polaris filed a timely notice of appeal from the judicial review order.

## II.     Scope and Standards of Review

Iowa Code chapter 17A governs our review of worker's compensation cases. *See* Iowa Code § 86.26; *Hill Concrete v. Dixson*, 858 N.W.2d 26, 30 (Iowa Ct. App. 2014). The district court acts in an appellate capacity when it reviews the commissioner's decision. *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). We examine the judicial review ruling to see "if our legal conclusions mirror those reached by the district court." *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 225 (Iowa 2006). If we reach the same conclusions, we affirm; if not, we reverse. *See JBS Swift & Co. v. Hedberg*, 873 N.W.2d 276, 279 (Iowa Ct. App. 2015).

Under section 17A.19(10), we must "reverse, modify, or grant other appropriate relief" if we decide the commissioner's award of benefits "is not supported by substantial evidence" or is otherwise irrational, illogical, or an unjustifiable application of law to fact. *See* Iowa Code § 17A.19(10)(f), (i), (j), (*l*)– (n). "Substantial evidence" means the quantity and quality of evidence deemed sufficient by a reasonable person to establish the fact at issue. *Id.* § 17A.19(10)(f)(1). Evidence is not insubstantial just because another fact finder might draw a different conclusion. *Cedar Rapids Cmty. Sch. Dist. v. Pease,* 807 N.W.2d 839, 845 (Iowa 2011).

**Analysis**

**A. Temporary Total Disability and Medical Expenses**

The commissioner awarded Doty TTD benefits because she was unable to work during a period of recuperation from her shoulder injury. *See* Iowa Code § 85.33(1) (requiring employer to pay temporary disability benefits "until the employee has returned to work or is medically capable of returning to employment substantially similar to the employment in which the employee was engaged at the time of injury, whichever occurs first"). Doty missed work from April 10 to September 20, 2013. On May 9, 2013, Dr. Hough sent a note to Polaris recommending Doty remain off work until the employer approved shoulder surgery. In August 2013, Dr. Hough released Doty for desk duty, but Polaris had none available. When the surgery was not approved, Dr. Hough administered an injection in September 2013 to ease Doty's shoulder pain and released her to work with lifting restrictions. The commissioner determined light

duty work was available from April 10 through May 9, 2013—but not from May 9 through September 20—and approved TTD benefits for that time period.[2]

Polaris alleges the commissioner, in accepting Dr. Hough's opinion, failed to consider that Doty was able to return to work—despite not having surgery—and that her symptoms worsened while she was off work. The employer tries to massage the factual record on appeal, but its allegations do not unsettle the substantial evidence supporting the commissioner's assessment of the doctors' viewpoints. Whether to accept or reject an expert opinion falls "within the 'peculiar province' of the commissioner." *House*, 843 N.W.2d at 889 (citation omitted). The commissioner did not overlook any relevant information concerning Doty's return to work in September with restrictions imposed by Dr. Hough. We cannot be enticed to reevaluate the experts' opinions. *See Westling v. Hormel Foods Corp.,* 810 N.W.2d 247, 254 (Iowa 2012) ("It is not the role of the district court or the appellate courts to reweigh the evidence.").

In addition to TTD benefits, the commissioner properly ordered Polaris to pay Doty's medical expenses under Iowa Code section 85.27 (requiring employer to furnish reasonable services and supplies to treat an injured employee). The reasonableness of those medical expenses is a question of fact subject to our deferential review. *See Quaker Oats Co. v. Ciha*, 552 N.W.2d 143, 154 (Iowa 1996).

---

[2] Temporary and healing-period benefits "refer to the same condition, but have separate purposes depending on whether the injury leads to a permanent condition." *Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 200 (Iowa 2010). If the injury results in permanent partial disability, payments made before an award of permanent partial disability benefits are healing-period benefits. *Id.* Otherwise, the payments are TTD benefits. *Id.*

As the commissioner's findings are supported by substantial evidence, we decline to disturb them.

### B. Penalty Benefits

Polaris also contests Doty's entitlement to penalty benefits. Penalty benefits are appropriate if an employer denies, delays, or terminates workers' compensation benefits "without reasonable or probable cause or excuse." Iowa Code § 86.13(4)(a). Under that provision, the commissioner has leeway to award up to 50% of the amount of denied or delayed benefits. *Id.* The commissioner shall award penalty benefits if (1) "[t]he employee has demonstrated a denial, delay in payment, or termination of benefits" and (2) "[t]he employer has failed to prove a reasonable or probable cause or excuse for the denial, delay in payment, or termination of benefits." *Id.* § 86.13(4)(b); *see also City of Madrid v. Blasnitz*, 742 N.W.2d 77, 81 (Iowa 2007) (holding after claimant shows delay, burden shifts to employer to prove a reasonable cause or excuse).

The employer's excuse must satisfy three criteria: (1) it must be "preceded by a reasonable investigation and evaluation by the employer . . . into whether benefits were owed to the employee"; (2) the results of that investigation and evaluation must form the actual basis for the denial, delay, or termination of benefits; and (3) the employer must contemporaneously convey the basis for the denial, delay, or termination to the employee. Iowa Code § 86.13(4)(c). The employer's delay, denial, or termination is subject to the "fairly debatable" standard, that is, if reasonable minds may differ on the employee's entitlement to benefits, the employer's delay or denial will be deemed reasonable and penalty benefits should not be awarded. *Blasnitz*, 742 N.W.2d at 84.

In Doty's case, the deputy commissioner ruled the company's reliance on Dr. Blow's opinion "did not transform claimant's entitlement to benefits into the fairly debatable realm" because Dr. Blow ignored facts in the company's own records. The deputy awarded 25% of TTD compensation as penalty benefits. The commissioner disagreed with the deputy's rationale for awarding penalty benefits, concluding Dr. Blow's report *did* make the issue of Doty's entitlement to TTD benefits "fairly debatable." But the commissioner decided penalty benefits should nevertheless be assessed because Polaris failed to meet the third criteria under section 86.13(4)(c). Specifically, the commissioner found no evidence Polaris conveyed to Doty or her counsel that Dr. Blow's report was the reason for denying compensation.

On appeal, Polaris challenges the commissioner's reason for assessing penalty benefits, pointing to evidence Polaris served Dr. Blow's report upon Doty by notice of service dated September 18, 2013. Doty submits three reasons that this notice did not satisfy the employer's duty to convey the basis for its delay or denial under section 86.13(4)(c)(3). First, Polaris did not provide Dr. Blow's report until the benefits had been denied or delayed for several months. Second, the bare-bones notice was not accompanied by any explanation that Dr. Blow's report was the reason Polaris denied or delayed benefits. Third, at the agency, Polaris voiced different grounds for its denial or delay, including an inaccurate allegation that Doty did not provide a doctor's excuse for missing work.

We are persuaded by Doty's responsive argument. "Any delay without a reasonable excuse entitles the employee to penalty benefits in some amount." *Christensen v. Snap-On Tools Corp.,* 554 N.W.2d 254, 261 (Iowa 1996). Part of

the employer's burden to show the delay or denial was reasonable is the contemporaneous communication of its basis to the employee. The record does not show Polaris performed that step here. Because the record contains substantial evidence to support the commissioner's award of penalty benefits, we affirm.

**AFFIRMED.**